**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* <br><br> HATTERAS REINSURANCE LTD <br><br><br><br> Debtor in Foreign Proceeding | In a case under <br> Chapter 15 of the <br> Bankruptcy Code <br><br> Case No. 06-11304 (JMP) |

### ORDER PURSUANT TO § 1521 OF THE BANKRUPTCY CODE AND RULES 2004 AND 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING (A) PRODUCTION OF DOCUMENTS AND (B) EXAMINATION OF (i) ALAN HALPERN AND (ii) THE NOTTINGHAM COMPANY, BY JOHN MARRIOTT

Upon the motion (the "Motion") of Mike Morrison and Charles Thresh, in their capacity as the court-appointed Joint Provisional Liquidators (the "JPLs") and the foreign representatives of Hatteras Reinsurance Ltd. (the "Company") for an order pursuant to Section 1519 of the Bankruptcy Code and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, directing (A) Production of Documents and (B) Examination of (i) Alan Halpern ("Halpern") and (ii) The Nottingham Company ("Nottingham"), by John Marriott ("Marriott," and together with Halpern, the "Deponents"), by a representative and sufficient cause appearing therefor; and the Bermuda proceeding related to this matter having been recognized as a foreign main proceeding under 11 U.S.C. §1517 on September 25, 2006; and adequate and proper notice of the Motion having been given to all interested parties, and there being just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby,

**ORDERED** that the Motion is granted and all objections to the Motion made on the record of the hearing held on September 18, 2006 are overruled; and it is further

**ORDERED** that compliance with the Order may be compelled by the issuance and service of one or more subpoenas by the JPLs pursuant to Federal Rule of Civil Procedure 45 and Bankruptcy Rules 2004(c) and 9016; and it is further

**ORDERED** that the JPLs are hereby authorized to issue a subpoena or other process to compel the production of documents (the "Document Request Subpoena") and each of the Deponents or their representatives are directed to produce in response to the Document Request Subpoena all responsive documents on the Document Request List annexed hereto, subject to any documents withheld under a claim of privilege, so as to be received on a "rolling" basis in accordance with the prioritization of topics by the JPLs and other production arrangements set forth in stipulations agreed with each Deponent, by delivery via overnight courier, or such other means as may be agreed upon by the parties, to Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York, 10020, Attention: Ken Coleman, Esq.; provided however, that Nottingham shall not be required to produce again, those documents and information that it has previously delivered to counsel for Frank P. Meadows III and which in turn have been delivered to the JPLs unless they were only provided to the JPLs in redacted form pursuant to the subpoena previously served on Mr. Meadows; and it is further

**ORDERED** that each of the Deponents or their representatives, in the event that any documents are withheld on the grounds of privilege, are directed to produce a privilege log in accordance with Rule 7026 of the Federal Rules of Bankruptcy Procedure by delivery via overnight courier, or such other means as each Deponent may elect, to Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York, 10020, Attention: Ken Coleman, Esq., to be received not later than five (5) days of the date upon which the Deponent would have otherwise been required to produce such documents pursuant to the relevant agreed stipulation, provided that the date for delivery of the privilege log may be extended by agreement without further order of the Court; and it is further

**ORDERED** that the JPLs are authorized to issue subpoenas in the form attached hereto (the "Subpoenas"), compelling oral examination under oath of each Deponent to testify concerning the matters specified in the Motion; and it is further

**ORDERED** that the examinations conducted pursuant to the Subpoenas: (i) shall be upon ten (10) days' notice to the Deponent to be examined unless otherwise agreed between each Deponent and the JPLs; and (ii) shall be conducted within 100 miles of the issuing court, at a location to be determined by the JPLs, unless otherwise agreed between each Deponent and the JPLs; and it is further

**ORDERED** that one or more of the Subpoenas may be issued by the United States District Court or Bankruptcy Court in North Carolina and/or Delaware in the District in which each Deponent is located; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any disputes arising under or related to this Order, including any discovery disputes that may arise between or among the parties, and to interpret, implement and enforce the provisions of this Order; and it is further

**ORDERED** that this Order shall be effective and enforceable immediately upon entry; and it is further

**ORDERED** that the Order is without prejudice to the rights of the JPLs to apply for further discovery of the Deponents or of any other individual or entity.

**IT IS SO ORDERED**:

This 13th day of October 2006

                                                *s/ James M. Peck*  
                                              HONORABLE JAMES M. PECK  
                                              UNITED STATES BANKRUPTCY JUDGE